UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>William Mark Looney, pro se</u>

   v.                                    Civil No. 09-cv-302-SM

<u>Larry Blaisdell, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>

**REPORT AND RECOMMENDATION**

Before the Court is William Looney's petition for a writ of habeas corpus (document no. 1), Petitioner's Motion to Accept Habeas Corpus Petition Based on Newly Discovered Evidence (document no. 3), Respondent's Response to Motion to Accept Habeas Corpus Based on Newly Discovered Evidence (document no. 4), Petitioner's Traverse to Respondent's Response to File a Habeas Corpus Petition Based on Newly Discovered Evidence (document no. 5), and Petitioner's Motion for Appointment of Counsel (document no. 6).[1]  As fully explained herein, I

---

[1]I have considered Looney's initial petition, and all of the pleadings and documents he filed attendant thereto, in the aggregate, as the petition in this matter.  <u>See</u> Fed. R. Civ. P. 10(c) (requiring that written instruments attached to a pleading be construed as part of the pleading "for all purposes").  In the ordinary course, this matter would come before the Magistrate Judge for preliminary review to determine whether the habeas

recommend that the petition for a writ of habeas corpus be dismissed as untimely filed, and that the Motion to Accept Habeas Corpus Petition Based on Newly Discovered Evidence and the Motion for Appointment of Counsel be denied.

## Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present

---

petition is facially valid and may proceed. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local rule 4.3(d)(2); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"). If, after preliminary review, the Court finds the petition is facially valid, the respondent would be served a copy of the petition and be ordered to respond. See § 2254 Rule 4. In this case, the respondent filed a response to petitioner's pleadings prior to this Court's authorization of service, and petitioner has answered that response. All of the pending pleadings have been referred to me by Chief Judge McAuliffe for my consideration (document no. 7).

sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently

states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

I note that the Respondent has filed a responsive pleading, although until this Court directs the Respondent to answer, the Respondent is, arguably, not yet a party to this action.  I have, however, reviewed the respondent's submission in this matter.  It does not alter the above standard, which I have applied to my review of the petitioner's filings, and has not affected my recommendation in this case.

## Background

On December 31, 1999, Looney was at a club in Manchester and was asked to leave.  He later returned to the club and the club bouncers requested the assistance of Manchester Police Officer Kenneth Pitman to remove Looney from the premises.  Pitman was, at that time, serving a paid security detail at the club and was wearing his Manchester Police uniform and badge.  Looney, who was intoxicated, ultimately returned to the club, threw a piece of curbing through the club window, and tried to drive away.  Pitman and a number of the club's patrons and employees chased Looney in his car in an effort to prevent him from leaving.  While Pitman

was reaching into the car to remove the keys from the ignition, Looney accelerated, dragging Pitman, whose arm was stuck in the door.  Two other individuals were on the hood of the car as Looney drove away and another individual was injured when he fell to the ground as the car pulled away.  Looney describes his actions in this encounter with Pitman and the other involved individuals as an attempt to escape from an angry "mob" of people attempting to do him, and his car, serious harm.

Looney was ultimately arrested and charged with a number of misdemeanor and felony criminal offenses, including first degree assault, two counts of second degree assault, reckless conduct, improper conduct after an accident, and aggravated driving while intoxicated.  After a jury trial, Looney was convicted of most of the charges against him.  On December 19, 2000, Looney was sentenced to 13 – 42 years in prison.  As part of that sentence, Looney was sentenced to an enhanced prison term of 7 – 30 years for a charge of first degree assault against Pitman.  The extended sentence was imposed pursuant to N.H. Rev. Stat. Ann. ("RSA") § 651:6(g), which allows an extended sentence to be imposed for any criminal defendant who "[h]as knowingly committed or attempted to commit any of the crimes defined in RSA 631 where

he or she knows the victim was, at the time of the commission of the crime, a law enforcement officer . . . acting in the line of duty."[2]

Looney filed a direct appeal of his conviction. In his direct appeal, Looney asserted that there was insufficient evidence at trial to prove the necessary element of first degree assault that Looney subjectively knew that Pitman was a law enforcement officer at the time of the offense. The New Hampshire Supreme Court ("NHSC") affirmed Looney's conviction on December 16, 2002. See State v. Looney, 148 N.H. 656, 813 A.2d 495 (2002). During the pendency of his direct appeal, Looney filed a motion for a new trial which was dismissed by the state Superior Court for lack of jurisdiction.

On December 20, 2004, two years and four days after receiving the NHSC's affirmance of his conviction, Looney filed a motion for a new trial in the Superior Court. That Court dismissed the motion as untimely filed under RSA 526:4, which provides that a motion for a new trial must be filed within three years of the date sentence is imposed. The NHSC affirmed the

---

[2]The qualifying offense for Looney's enhanced sentence was first degree assault, defined in RSA § 631:1.

Superior Court's denial of the motion for a new trial on February 16, 2007.

Looney also filed a petition for a writ of habeas corpus in the Coos County Superior Court, raising the following five grounds for relief: (1) his convictions on multiple counts for a single offense violated his double jeopardy rights, (2) his convictions on multiple counts for a single offense violated his due process rights, (3) his convictions were obtained by prosecutorial misconduct, (4) the court's instruction to the jury was improper, and (5) he received ineffective assistance of counsel.  Looney's petition was denied on April 8, 2008.  Looney filed an appeal of the denial in the NHSC which was denied as untimely on June 10, 2008.

In February 2009, another inmate at the NCF alerted Looney to a 2002 NHSC decision wherein Pitman, in an action against his motor vehicle insurance company, stated that he was engaged in a "paid detail" at the time of the December 31, 1999 incident.  <u>See</u> <u>State Farm Mut. Ins. Co. v. Pitman</u>, 148 N.H. 499, 500, 809 A.2d 1280, 1280 (2002).  Looney argues that, in order to file a claim against his insurance company for injuries sustained in an event that occurred during a paid detail, Looney necessarily had to

take the position that he was off duty at the time, as police officers are compensated for injuries received while they are on duty by the City of Manchester, not by their private insurance carriers.  Looney felt that this assertion in the insurance matter was a recantation by Pitman of his assertion at Looney's criminal trial that he was acting "in the line of duty" at the time he was injured.  Looney filed a motion to vacate the enhanced portion of his sentence in the trial court, asserting that the alleged recantation by Pitman rendered the enhanced sentence he received illegal, as it had either been based on false testimony that Pitman was "on duty," or was based on Pitman's testimony, and that Pitman went on to provide false testimony in another matter.  Looney argued that his conviction was obtained by the use of fraud on the part of Pitman and the prosecutor.  The trial court denied the motion to vacate the enhanced portion of Looney's sentence on March 17, 2009.  Looney's motion to reconsider was denied on April 20, 2009.  Looney filed an appeal of the denial in the NHSC.  The NHSC declined the notice of appeal on June 24, 2009.

Looney now files a petition for a writ of habeas corpus in this court, seeking relief on the following grounds:[3]

1.  The state obtained his conviction by fraudulently representing to the jury that Pitman was an "on duty police officer" when the offenses occurred;

2.  Looney's right not to be twice placed in jeopardy for the same offense was jeopardized when Looney was convicted of multiple offenses which all required the use of the same evidence at trial;

3.  Looney was denied a fair trial when the state failed to preserve exculpatory evidence in his case, specifically, the car that he was driving; and

4.  Looney was denied a fair trial when the prosecutor fraudulently misrepresented the status of the car to the court, resulting in the admission of photographs of the car in evidence even though Looney had not had the opportunity to inspect the car.

---

[3] The claims, as identified herein, will be considered to be the claims raised in the petition for all purposes. If Looney disagrees with this identification of the claims, he must do so by proper objection to this Report and Recommendation or by properly moving to amend his petition.

## Discussion

I. <u>Petitioner's Claims</u>

Looney concedes that, without this Court equitably tolling the limitations period applicable to this petition, his petition would be untimely under 28 U.S.C. § 2244(d) (providing for a one-year statute of limitations for filing a federal petition for a writ of habeas corpus). Looney urges this Court, however, to equitably toll the limitations period and consider the merits of his petition because his assertions are based on "newly discovered evidence." The two pieces of "newly discovered evidence" propounded by Looney are: (1) Pitman was not an on-duty police officer at the time of the offenses, and (2) the State told the trial court that Looney's car had not been impounded in order to be able to use photographs of the car in lieu of the actual car when, in fact, the car had been impounded but was later released and sold at auction.

II. <u>Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, <u>et seq.</u>, sets a one-year limitations period for federal habeas petitions by state prisoners. <u>See</u> 28 U.S.C. § 2244(d)(1). AEDPA's one-year limit runs from the time

that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Looney's conviction became final on December 16, 2002, when the NHSC issued its opinion in his direct appeal. There is no indication that Looney filed any motion to reconsider that decision, or a petition for a writ of certiorari in the United States Supreme Court. In the ordinary course of events, therefore, the limitations period for filing a federal habeas corpus petition would have expired, at the latest, 120 days after December 16, 2003, or on April 14, 2004.[4]

A. <u>Statutory Exceptions to Limitations Period</u>

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim. See <u>David v. Hall</u>, 318 F.3d 343, 344 (1st Ci. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D). AEDPA excludes from the one-year limitations period "[t]he time during which a properly filed application for

---

[4] One hundred and twenty days is the period of time Looney had available, upon the affirmance of his direct appeal, to file a petition for a writ of certiorari in the United States Supreme Court.

11

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Looney's petition indicates that, beginning on December 20, 2004, more than two years after the apparent expiration of the statute of limitations in this matter, he filed a motion for a new trial in the state courts which was finally denied by the NHSC on February 16, 2007. Looney also filed a state petition for a writ of habeas corpus which was ultimately denied by the NHSC on June 10, 2008. Finally, Looney filed a motion to vacate the enhanced portion of his sentence in February 2009. The motion was denied, and the NHSC declined to accept an appeal of the denial on June 24, 2009. The instant petition followed.

While the limitations period is stopped from running during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated <u>after</u> the AEDPA limitations period has expired. <u>See</u> <u>Cordle v. Guarino</u>, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (post-conviction state court litigation filed after AEDPA's limitations expire does not stop or reset the clock). Looney's limitations period for filing this action therefore expired on

December 16, 2003.  The instant petition was filed in September 2009, more than five and a half years later.  Looney's post-conviction state court litigation, initiated in 2004, did not reset or restart that period and does not, therefore, render this action timely.

    B.    Equitable Tolling

Although equitable tolling of the AEDPA's limitations period might be available under certain circumstances, it "'is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances.'"  Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (internal citation omitted); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (generally petitioner must establish that extraordinary circumstances prevented timely filing to warrant equitable tolling).  Looney urges this Court to find that the recent discovery of Pitman's testimony regarding his duty status in his insurance case and the state's fraudulent representations regarding the car, merit the equitable tolling of the statute of limitations in this case.  I find that the limitations period in this case should not be equitably tolled to allow Looney's federal petition to be considered timely.

### 1. Pitman's Duty Status

Looney states that in February 2009, he first became aware that Pitman, in his insurance case, and after Looney's criminal sentencing, testified that he was "off duty" at the time of the offense. Looney states that, because he was prevented from knowing that Pitman was off duty by the fraudulent representations at trial of both Pitman and the prosecutor, the untimeliness of this petition is attributable to the state, and the petition should therefore be accepted as timely filed.

Looney characterizes his recent awareness of Pitman's testimony in the civil case as "newly discovered evidence." Looney asserts that Pitman's presumptive testimonial assertions in his civil trial represent a departure from the testimony he presented at Looney's criminal trial, an assertion I accept as true for purposes of conducting this review, although no transcripts of the testimony have been submitted. Looney urges this Court to find that this departure constitutes newly discovered evidence that, in essence, demonstrates that the sentencing court's finding that Pitman acted "in the line of duty" was in error, and that the imposition of an enhanced

sentence, which depended on that finding, was also in error and must now be reversed.

The flaw in Looney's argument lies, however, in his assumption that the trial court's finding that the prosecution proved that Pitman acted "in the line of duty" was a finding of fact, and not a question of law.  In Looney's criminal case there was no question that Pitman was, in fact, a Manchester Police Officer at the time of Looney's offense.  Further, it was undisputed that, at the time of the offense, Pitman was doing a paid security detail for a club in Manchester, a fact Looney knew at trial, as it was reflected in the record of the trial relied on by the NHSC in deciding Looney's direct appeal.  See Looney, 148 N.H. at 657, 813 A.2d at 496 ("On December 31, 1999, Officer Kenneth Pitman of the Manchester Police Department was assigned to a uniformed security detail at Chantilly's nightclub in Manchester.").  The question as to whether or not actions taken by Pitman during a security detail, rather than during a shift for the police department, were taken "in the line of duty," or were the actions of an "off duty" officer, for purposes of applying the enhanced sentencing statute, is a question of law.  That question of law existed during Looney's 2000 trial and

sentencing and could have been raised at that time. No act of the state or any of its witnesses prevented the presentation of such an argument to the trial court.

Looney also urges this Court to find that the difference between the prosecution's position at trial and sentencing, that Pitman was acting "in the line of duty," and Pitman's assertion during a later civil matter that he was "off duty" indicate that his conviction is marred by fraud committed by the State or, at the very least, by being based on factual assertions that were later recanted. Looney's assumption that the differential testimony is indicative of fraud in the prosecution of his case, however, is simply a conclusion, and is based on nothing more than the apparent difference in position described here. The conclusion is based largely on Looney's speculation of a collusive effort between Pitman and the prosecutor to present false testimony at Looney's trial. This speculative conclusion is insufficient to support a claim for relief.

    2.   <u>Claim Related to the Car</u>

Looney claims that during the litigation of his post-conviction habeas petition in the state courts, the State admitted that Looney's car had been impounded at one time, but

16

was later released and sold at auction before or during Looney's criminal trial.  At the time of trial, Looney had attempted to exclude the photographs from evidence on the basis that the car had not been properly preserved as evidence.  The prosecutor, at the time of trial, advised the Trial Court that the car had not, in fact, been impounded, and that it was released to the towing company after being photographed by the Manchester Police Department.  Based largely on the assertion that the car had not been impounded, the trial court allowed the admission of photographs of the car in evidence even though Looney had not had the opportunity to inspect the car or to have it independently examined.  Looney asserts that because the state committed fraud in this matter, the limitations period for this claim should be equitably tolled.

    Looney asserted at trial that because the State had failed to preserve the car, it should be precluded from introducing photographs of the car at trial.  That issue was ripe for review on direct appeal, and is untimely here for the reasons explained above.  The untimeliness of the claim is not affected by Looney's attempts to persuade this Court that the failure to preserve the car was an intentional fraudulent act designed to deprive him of

exculpatory information, and not an honest misunderstanding by the prosecutor as to the location and status of the car.

## Conclusion

For the foregoing reasons, I recommend that Looney's petition for a writ of habeas corpus (document no. 1, 3 & 5) be dismissed as untimely.  I further recommend that Looney's Motion to Accept Habeas Corpus Petition Based on Newly Discovered Evidence (document no. 3) and Looney's Motion for Appointment of Counsel (document no. 6) be denied a moot, as I have recommended dismissal of the underlying action.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:    November 30, 2009

cc:      William Looney, pro se

18